UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN HURT,

    Plaintiff,

v.

IMAGE ONE CORPORATION,
JOEL PEARLMAN, and JOSH
BRITTON,

    Defendants.
                             /

Case No. 22-cv-12741

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 7)

### I. Background

Plaintiff Stephen Hurt filed this case against Defendants Image One Corporation, Joel Pearlman, and Josh Britton on November 11, 2022. (ECF No. 1). In his complaint, Hurt alleges, among other things, that Defendants failed to hire him for a sales manager position, for multiple unlawful reasons: because of his disability (in violation of the Americans with Disabilities Act ("ADA")); because of his age (in violation of the Age Discrimination in Employment Act ("ADEA")); and in retaliation to his opposing practices made unlawful by the ADA and ADEA (in violation of both of those acts).

On January 4, 2023, Defendants moved to dismiss the case, arguing that it is barred by res judicata and subject to an arbitration agreement. (ECF No. 7.) On

1

January 25, Hurt responded (ECF No. 8 *see also* ECF No. 10 (refiling list of exhibits and exhibits)); and on February 8, Defendants replied (ECF No. 9).

On March 17, the parties stipulated to "dismiss all claims contained in the Complaint, except for the failure to hire components related to those claims, and submit the dismissed claims to the alternative dispute resolution process contained in Section 10 of the parties' Separation, Release and Consulting Agreement." (ECF No. 11, PageID 537.) The parties emphasized that "Defendants' Motion to Dismiss [] remain[ed] pending for resolution by the Court as to any claims which [were] not dismissed by" their stipulation. (ECF No. 11, PageID 538.)

The Court now turns to that Motion. The Court finds that the briefing adequately addresses the issues in contention and dispenses with a hearing pursuant to E.D. Mich. L. R. 7.1(f)(2).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

2

R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal citations and quotation marks omitted). In other words, a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56. The Sixth Circuit has explained that, "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to the plaintiff's claims, (2) matters of which a court may take judicial notice, (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829

(6th Cir. 2015); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6).").

### III. Discussion

Defendants argue (among other things) that this Court should dismiss Hurt's complaint under the doctrine of issue preclusion because the Circuit Court for the County of Oakland has already ruled that Hurt's "failure to hire" claims must be sent to arbitration. (ECF No. 7, PageID 49–53 (citing, among other cases, *Litteral v. Household Retail Servs.*, No. 01-74905, 2003 WL 345366, at *2 (E.D. Mich. Jan. 30, 2003)); ECF No. 7-5.)

"The Full Faith and Credit Act mandates that judicial proceedings shall have the same full faith and credit in every court within the United States as they have by law or usage in the courts of such State from which they are taken." *Spectrum Health Continuing Care Grp. v. Anna Marie Bowling Irrecoverable Tr. Dated June 27, 2022*, 410 F.3d 304, 310 (6th Cir. 2005) (citing 28 U.S.C. § 1738) (internal quotation and alteration marks omitted). "The United States Supreme Court has interpreted the act as requiring that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Id.* (internal quotation marks omitted).

"Under Michigan law, issue preclusion, known as collateral estoppel, precludes relitigation of an issue in a subsequent, different cause of action" if the litigants "asserting preclusion" "demonstrate that:"

> 1) the parties in both proceedings are the same or in privity, 2) there was a valid, final judgment in the first proceeding, 3) the same issue was actually litigated in the first proceeding, 4) that issue was necessary to the judgment, and 5) the party against whom preclusion is asserted (or its privy) had a full and fair opportunity to litigate the issue.

*Id.* (internal quotation marks and line breaks omitted).

The Court will find that Defendants have demonstrated all five of these requirements. Thus, the Court will **GRANT** Defendants' Motion to Dismiss.

*1. The parties here were also the parties to the Oakland County proceeding.*

First, both this suit and the aforementioned state court suit comprise(d) the exact same parties. *Compare* ECF No. 1, *with* ECF No. 7-3; *see also* ECF No. 7, PageID 51.

*2. There was a valid, final judgment in the Oakland County proceeding.*

Second, the Oakland County Court rendered a valid, final judgment in Hurt's prior suit. Hurt does not dispute that the Oakland Court's grant of Defendants' Motion for Summary Disposition and to Compel Arbitration on September 2, 2022 was valid nor that it closed that case in the trial court. *Cf.* ECF No. 7, PageID 52 (citing ECF Nos. 7-5, 6, 7).

5

But Hurt argues in his Response that "issue preclusion does not apply . . . because the issue of arbitration was not determined with finality." (ECF No. 8, PageID 381.) Specifically, Hurt asserts that "[a] ruling is not final for purposes of collateral estoppel while it is under appeal – whether an appeal of right or a pending request for leave to appeal." (ECF No. 8, PageID 381) (citing *Leahy v. Orion Twp.*, 269 Mich. App. 527, 530 (2006) and *Cantwell v. City of Southfield*, 105 Mich. App. 425, 429–30 (1981)). And then he claims that his Oakland Court case "is on appeal as of right." (ECF No. 8, PageID 382) (citing *Hurt v. Image One Corp.*, Mich. Ct. App. Docket No. 364362).

In contrast, Defendants maintain that "'[t]he rule in Michigan is that a judgment pending on appeal is deemed res judicata'" and "this rule includes state court decisions which decide the issue of arbitrability." (ECF No. 7, PageID 52) (quoting *City of Troy Bldg. Inspector v. Hershberger*, 27 Mich. App. 123, 127 (1970) and also citing *Rayfield v. Am. Reliable Ins. Co.*, 641 F. App'x 533, 537–38 (6th Cir. 2016), *Stanton v. Woodside*, No. 19-10133, 2019 WL 4302787 (E.D. Mich. Sept. 11, 2019), and *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)); (ECF No. 9, PageID 456) (citing *In re Kramer*, 543 B.R. 551, 559 (E.D. Mich. 2015) and *Hackley v. Hackley*, 426 Mich. 582, 590–91 (1986)). Defendants also point out in their Reply that "[o]n January 31, 2023," six days after Hurt filed his Response, "the [Michigan] Court of Appeals entered an Order dismissing

[Hurt]'s claim of appeal 'for lack of jurisdiction because it was not timely filed.'" (ECF No. 9, PageID 456) (citing ECF Nos. 9-2–3).

The Court notes that, based on its quick review, Michigan courts appear to be divided on the question of whether a decision counts as "final," for issue preclusion purposes, while an appeal (or the time to take an appeal) from it remains pending. *Compare Leahy*, 269 Mich. App. at 530 ("A decision is final when all appeals have been exhausted or when the time available for an appeal has passed."), *and City of Livonia Employees' Ret. Sys. v. Talmer Banorp, Inc.*, No. 16-12229, 2018 WL 5840714, at *7 (E.D. Mich. Nov. 8, 2018) ("[A] ruling is not final for purposes of collateral estoppel while it is under appeal."), *with In re Kramer*, 543 B.R. at 559 ("[T]he Court concludes that under Michigan law, a final (*i.e.,* not interlocutory) judgment has preclusive effect under the doctrine of collateral estoppel (also known as issue preclusion), even when the judgment is on appeal or the time for appeals has not yet expired."), *and Hantz Fin. Servs., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 664 F. App'x 452, 458–59 (6th Cir. 2016) ("[A]s a legal term of art, 'final judgment' virtually always designates the judgment by a court that determines all the rights and obligations of the parties in a case *so that it can be appealed*—not a judgment that has been resolved after appeal."). However, the Court need not consider this question further, because, as Defendants explain, Hurt's appeal of the Oakland Court's judgment has been dismissed. *See* ECF No. 9-3; *Hurt v. Image One*

*Corp.*, Mich. Ct. App. Docket No. 364362. And Hurt did not re-file it as a "delayed" appeal by the applicable deadline. *See Case Search*, Michigan Courts, https://www.courts.michigan.gov/case-search/; M.C.R. § 7.205(A)(4).

*3. The issue of whether Hurt agreed to arbitrate his claims was actually litigated in the Oakland County proceeding.*

Third, the issue of whether Hurt's remaining "failure to hire" claims should be dismissed in favor of arbitration was already litigated in the Oakland County case. Indeed, the "general allegations" sections of the operative complaints in this case and that one are virtually identical, including with respect to the facts related to Defendants' "failure to hire" Hurt for the sales manager position. *Compare* ECF No. 7-3, PageID 78–83, *with* ECF No. 1, PageID 3–10 (adding to the end of the section a description of plaintiff filing charges with the Equal Employment Opportunity Commission). Further, Hurt's state court complaint included allegations that Defendants' "[f]ail[ed] or refus[ed] to hire, recruit, or promote" him and did "not consider [him] for the sales manager position" because of his disability and age, and in retaliation for his complaining about discrimination, in violation of the Michigan Persons with Disabilities Civil Rights Act and the Elliott-Larsen Civil Rights Act, which contain similar protections as do the ADA and the ADEA. (ECF No. 7-3, PageID 83–87.)

In the Oakland County case, Defendants moved to compel arbitration of *all* of Hurt's claims, including his failure to hire claims. (ECF No. 7-4.) In response, Hurt's

8

attorney specifically argued at a hearing that the arbitration agreement did not encompass those failure to hire claims, even if it encompassed others. (ECF No. 7-6, PageID 153–54.) Nonetheless, the Oakland Court granted Defendants' motion in its entirety and found that "the three claims asserting [] discrimination and interference with contract could not be presented without reference to [Hurt's] employment" and were "subject to the arbitration clause." (ECF No. 7-5; ECF No. 7-6, PageID 159.) Hurt then moved for reconsideration, reiterating his argument that the arbitration agreement did not apply to his "failure to hire" claims. (ECF No. 7-8, PageID 174–78.) The Oakland Court denied the motion and stated that it was "not convinced there was error in deciding the original motion." (ECF No. 7-7, PageID 163.)

This case and the motion now before the Court involve the same underlying allegations, analogous legal claims, the same arbitration agreement, and the same question of whether the agreement cover those allegations and corresponding claims. In other words, the issue before this Court is the same one that the Oakland County Court already decided in favor of Defendants. *See* ECF No. 7, PageID 51; *cf. Chakan v. City of Detroit (Detroit Fire Dep't)*, 998 F. Supp. 779, 783 (E.D. Mich. 1998) (finding "the issues raised in this case are precisely those actually litigated in the state case" where the "the factual basis for plaintiff's Title VII claim is the same as the factual basis for his Elliott–Larsen Civil Rights claim").

9

*4. The issue was necessary to the judgment in the Oakland County proceeding.*

Fourth, it was necessary for the Oakland County Court to determine that the arbitration agreement covered Hurt's "failure to hire" claims in order for it to sustain its ruling dismissing his complain in its *entirety*. If the Oakland Court had not made this determination, it could not have entered the judgment that it did.

*5. Hurt had a full and fair opportunity to litigate the issue in the Oakland County proceeding.*

Fifth, Hurt had a full and fair opportunity to litigate the issue in the prior proceeding. As stated above, Hurt responded to Defendants' motion for dismissal, presented argument at a hearing, and filed a motion for reconsideration in that proceeding. Hurt has not argued that he did not have a full and fair opportunity to litigate therein.

## IV. Conclusion

For the reasons listed above, the remaining portion of Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: August 23, 2023

s/Paul D. Borman
Paul D. Borman
United States District Judge